IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00389-BNB

BRIAN ROBERT SEARCY,

    Applicant,

v.

SHERIFF GRAYSON ROBINSON, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 05 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Brian Robert Searcy, appears to be a pretrial detainee who currently is confined at the Arapahoe County Jail in Centennial, Colorado. On February 25, 2009, he filed *pro se* an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2006). He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006). As relief, he asks for a prompt and speedy trial, and/or his release on bond pending the outcome of his trial in state court, and/or dismissal of the charges pending against him.

The Court must construe the habeas corpus application liberally because Mr. Searcy is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

In the application, Mr. Searcy alleges that he was arrested on state criminal charges, which are pending against him in Arapahoe County Court Criminal Case No. 2008CR00273. He asserts that he would not get a fair trial in Arapahoe County court, that the evidence against him was illegally obtained, and demands a prompt and speedy trial.

A state prisoner subject to untried charges may bring a pretrial habeas corpus action in federal court pursuant to 28 U.S.C. § 2241 to "demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973). In the application, Mr. Searcy is demanding enforcement of his right to be brought to trial promptly. However, he fails to make any factual allegations indicating that he has exhausted all available state remedies as to his demand for enforcement of his right to be brought to trial promptly prior to initiating this action. *See id.*

In addition, "'federal courts should abstain from the exercise of [28 U.S.C. § 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.'" *Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987)). The remaining issues Mr. Searcy raises in his application may be resolved by trial on the merits in state court.

Moreover, absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971); *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir.

2

1995). To establish extraordinary or special circumstances, a plaintiff must be facing an irreparable injury that is both great and immediate. *See Younger*, 401 U.S. at 46. The exceptions to *Younger* provide only for a "very narrow gate for federal intervention." *Phelps*, 59 F.3d at 1064 (internal quotation marks omitted).

Mr. Searcy does not allege any facts that indicate he will suffer great and immediate irreparable injury if this Court fails to intervene in the ongoing, state-court, criminal proceedings. The fact that a criminal defendant may be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury. *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977). Therefore, the Court should abstain from exercising jurisdiction pursuant to *Younger*.

If Mr. Searcy ultimately is convicted in state court, and he believes that his federal constitutional rights were violated in obtaining that conviction, he may pursue his claims in this Court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state remedies. Accordingly, it is

ORDERED that the habeas corpus application is denied, and the action dismissed without prejudice.

DATED at Denver, Colorado, this 5 day of March, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00389-BNB

Brian Robert Searcy
Prisoner No. 200800017697
Arapahoe County Jail
7375 S. Potomac St.
Centennial, CO 80112

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/5/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk